UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

   v.

SEQUENTIAL BRANDS GROUP, INC.,

            Defendant.

Case No. 1:20-cv-10471 (JPO)

## DEFENDANT SEQUENTIAL BRANDS GROUP, INC.'S ANSWER TO THE COMPLAINT

On September 30, 2021, this Court issued an Opinion and Order, Dkt. No. 24, denying Defendant Sequential Brands Group, Inc.'s ("Sequential Brands" or the "Company") Motion to Dismiss, Dkt. No. 19, the Complaint ("Compl."), Dkt. 1, filed by the Securities and Exchange Commission ("SEC").  Sequential Brands now responds to the allegations of the Complaint:

## GENERAL DENIAL

Sequential Brands denies any and all liability under Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3); Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder, 17 C.F.R. §§ 240.12b-20, 13a-1, 13a-11, and 13a-13; Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A); and Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B).  Further, a number of allegations in the Complaint state conclusions of law that do not require a response; to the extent a response is required, such allegations are denied.  The Complaint also includes a number of section headings, to which no response is required; to the extent a response is required, any allegations implicit in such headings are denied.

<u>**SPECIFIC RESPONSES**</u>

The introductory paragraph does not contain any allegations to which a response is required.

**"OVERVIEW"**

1.      Sequential Brands denies the allegations in Paragraph 1, except admits that it is a "New York-based brand management company."

2.      Sequential Brands denies the allegations in Paragraph 2, except admits that it conducted its annual impairment test in mid-2016 and an interim goodwill impairment test in year-end 2016.

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the extent a response is a required, Sequential Brands denies the allegations.

4.      Paragraph 4 states a conclusion of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations, except admits that it impaired all of its goodwill in the fourth quarter of 2017.

5.      Sequential Brands admits the allegations in Paragraph 5.

6.      Sequential Brands denies the allegations in Paragraph 6, except admits that public companies are required to test for goodwill impairment once a year and when triggering events are present.

7.      Sequential Brands denies the allegations in Paragraph 7 and its subparts.

8.      Sequential Brands denies the allegations in Paragraph 8.

9.      Sequential Brands denies the allegations in Paragraph 9.

10.     Paragraph 10 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

11.     Sequential Brands denies the allegations in Paragraph 11.

12.     Paragraph 12 contains conclusions of law to which no response is required.  To the extent a response is a required, Sequential Brands denies the allegations.

13.     Sequential Brands denies the allegations in Paragraph 13.

14.     Sequential Brands denies the allegations in Paragraph 14.

15.     Paragraph 15 states a conclusion of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

16.     Paragraph 16 states a conclusion of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent a response is a required, Sequential Brands denies the allegations.

18.     Sequential Brands denies the allegations in Paragraph 18, but admits that it impaired all of its goodwill in the fourth quarter of 2017.

19.     Paragraph 19 states a conclusion of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

20.     Sequential Brands denies the allegations in Paragraph 20.

21.     Paragraph 21 states a conclusion of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

## "JURISDICTION AND VENUE"

22.     Paragraph 22 states a conclusion of law to which no response is required.

23.     Sequential Brands admits to the allegations in Paragraph 23, except denies that Sequential Brands was engaged in the offer and sale of securities, which is a conclusion of law that does not require a response.  Sequential Brands respectfully refers the Court to the referenced Form S-8 for its complete and accurate contents.

24.     Sequential Brands admits that the allegations in Paragraph 24, and respectfully refers the Court to the referenced Form S-8 it filed for its complete and accurate contents.

25.     Paragraph 25 states a conclusion of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

26.     Paragraph 26 states a conclusion of law to which no response is required.

**"DEFENDANT"**

27.     Sequential Brands admits the allegations in Paragraph 27.

**"FACTUAL ALLEGATIONS"**

**"I.  BACKGROUND"**

**"Governing Accounting Principles, Standards, and Procedures"**

28.     Sequential Brands admits the allegations in Paragraph 28.

29.     Sequential Brands admits the allegations in Paragraph 29, and refers to GAAP for its complete and accurate contents.

30.     Sequential Brands admits the allegations in Paragraph 30.

31.     Sequential Brands admits the allegations in Paragraph 31.

32.     Sequential Brands denies the allegations in Paragraph 32 because they inaccurately and incompletely describe the applicable accounting standards, and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

33.     Sequential Brands denies the allegations in Paragraph 33 because they inaccurately and incompletely describe the applicable accounting standards, and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

34.     Sequential Brands admits the allegations in Paragraph 34, and respectfully refers to the referenced standards for a complete and accurate statement of their contents.

35.     Sequential Brands denies the allegations in Paragraph 35 because they inaccurately and incompletely describe the applicable accounting standards, and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

36.     Sequential Brands admits the allegations in Paragraph 36, and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

37.     Sequential Brands admits the allegations in Paragraph 37, except as to the phrase "with the residue recognized as an impairment loss," and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

38.     Sequential Brands admits the allegations in Paragraph 38, and respectfully refers to the referenced standards for a complete and accurate statement of its contents.

39.     Sequential Brands admits the allegations in Paragraph 39, and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

40.     Sequential Brands admits the allegations in Paragraph 40, and respectfully refers to ASC 820 for a complete and accurate statement of its contents.

41.     Sequential Brands denies the allegations in Paragraph 41 because they inaccurately and incompletely describe the applicable accounting standards, and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

42.     Sequential Brands admits the allegations in Paragraph 42, and respectfully refers to ASC 350 for a complete and accurate statement of its contents.

43.     Sequential Brands admits the quoted language in Paragraph 43 appears in the 2016 Form 10-K, and respectfully refers to its 2016 Form 10-K for a complete and accurate statement of its contents.

44.     Sequential Brands denies the allegations in Paragraph 44, except admits that the 2016 Form 10-K states that the Company determined that it has a single reporting unit and considers its market capitalization to represent its estimated fair value.

**"Sequential's Business Model, Declining Stock Price, and Earnings Estimates"**

45.     Sequential Brands admits the allegations in Paragraph 45.

46.     Sequential Brands denies the allegations in Paragraph 46, except admits that it acquired consumer brands through acquisitions; that intangible assets constituted the majority of Sequential Brands' assets as of December 31, 2016; that and goodwill represented $307.7 million, or 21.4%, of Sequential Brands' total consolidated assets as of December 31, 2016. Sequential Brands respectfully refers to the 2016 Form 10-K for a complete and accurate statement of its contents.

47.     Sequential Brands denies the allegations in Paragraph 47.

48.     Sequential Brands denies the allegations in Paragraph 48.

49.     Sequential Brands admits the allegations in Paragraph 49, and respectfully refers to the 2016 Form 8-K for a complete and accurate statement of its contents.

50.     Sequential Brands denies the allegations in Paragraph 50, except admits that in July 2016, its estimated adjusted EBITDA for 2016 was between $88 and $91 million, and in November 2016, its estimated adjusted EBITDA for 2016 was between $83 and $88 million. Sequential Brands respectfully refers to the referenced documents for a complete and accurate statement of their contents.

51.     Sequential Brands denies the allegations in Paragraph 51, except admits that Sequential issued its third quarter earnings release on November 3, 2016, furnished to the SEC as an exhibit to Form 8-K and signed by its then-CFO.  Sequential Brands respectfully refers to the referenced documents for a complete and accurate statement of their contents.

52.     Sequential Brands admits the allegations in Paragraph 52, and respectfully refers to publicly available documents reflecting its stock price.

53.     Sequential Brands denies the allegations in Paragraph 53.

**"II.   SEQUENTIAL UNREASONABLY UNDERTOOK A DECEPTIVE COURSE OF CONDUCT TO AVOID AND DELAY GOODWILL IMPAIRMENT"**

54.     Sequential Brands denies the allegations in Paragraph 54, but admits that a sustained decrease in stock price is an indicator of impairment under ASC.  Sequential Brands respectfully refers to ASC 350 for a complete and accurate statement of its contents.

55.     Sequential Brands denies the allegations in Paragraph 55.

56.     Sequential Brands denies the allegations in Paragraph 56, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the awareness of Sequential's management, senior accounting and finance personnel, and the Board of Directors.

**"Sequential Senior Accounting and Finance Personnel Understood Goodwill Impairment Testing and Accounting"**

57.     Sequential Brands denies the allegations in Paragraph 57, except admits that its senior accounting and finance personnel were well-versed in goodwill impairment testing under ASC 350.

58.     Sequential Brands denies the phrase "and the mechanics of a market capitalization methodology for the determination of fair value," but admits the senior accounting and finance personnel understood the accounting standards applicable to estimating fair value, and admits the remaining allegations in Paragraph 58.

**"Sequential's Annual Goodwill Impairment Testing for 2016"**

59.     Sequential Brands admits the allegations in Paragraph 59.

60.     Sequential Brands admits the allegations in Paragraph 60.

61.     Sequential Brands admits the allegations in Paragraph 61.

62.     Sequential Brands admits the allegations in Paragraph 62, and respectfully refers to the 2016 Form 10-K for a complete and accurate statement of its contents.

**"Sequential Ignores Objective Evidence of Impairment in the Fourth Quarter of 2016"**

63.     Sequential Brands admits the allegations in Paragraph 63.

64.     Sequential Brands admits the allegations in Paragraph 64, and respectfully refers to publicly available documents reflecting its stock price.

65.     Sequential Brands denies the allegations in Paragraph 65.

66.     Sequential Brands denies the allegations in Paragraph 66.

67.     Sequential Brands denies the allegations in Paragraph 67.

68.     Paragraph 68 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"Sequential Instead Undertakes a Strained and Biased Qualitative Assessment That Ignores Objective Evidence of Impairment"**

69.     Sequential Brands denies the allegations in Paragraph 69, except admits that it conducted a qualitative assessment which showed that the Company's goodwill was not impaired.

70.     Paragraph 70 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

71.     Sequential Brands denies the allegations in Paragraph 71 on the basis that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

72.     Sequential Brands denies the allegations in Paragraph 72.

73.     Sequential Brands admits the allegations in Paragraph 73, and respectfully refers to the referenced documents for a complete and accurate statement of their contents.

74.     Sequential Brands denies the allegations in Paragraph 74, and respectfully refers to the referenced documents for a complete and accurate statement of their contents.

75.     Sequential Brands denies the allegations in Paragraph 75, and respectfully refers to the referenced documents for a complete and accurate statement of their contents.

76.     Sequential Brands denies the allegations in Paragraph 76 and its subparts.

77.     Sequential Brands denies the allegations in Paragraph 77, except admits that Sequential Brands personnel updated the draft of the Goodwill Memorandum four times.

78.     Sequential Brands denies the allegations in Paragraph 78, except admits that it forwarded the Goodwill Memorandum to its independent auditor on February 23, 2017.

79.     Sequential Brands denies the allegations in Paragraph 79.

80.     Paragraph 80 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

81.     Sequential Brands denies the allegations in Paragraph 81.

82.     Paragraph 82 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

83.     Sequential Brands denies the allegations in Paragraph 83 on the basis that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and states that it contains conclusions of law to which no response is required.

84.     Paragraph 84 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"III.   SEQUENTIAL'S FINANCIAL STATEMENTS AND DISCLOSURES WERE MATERIALLY FALSE AND MISLEADING"**

85.     Paragraph 85 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

86.     Paragraph 86 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

87.     Paragraph 87 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"Material Misstatements and Omissions in Sequential's 2016 Financial Statements and SEC Filings"**

88.     Paragraph 88 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

89.     Sequential Brands admits the allegations in Paragraph 89, and respectfully refers to the referenced documents for a complete and accurate statement of their contents.

90.     Sequential Brands admits the allegations in Paragraph 90, and respectfully refers to the referenced documents for a complete and accurate statement of their contents.

91.     Paragraph 91 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

92.     Sequential Brands admits the allegations in Paragraph 92, except denies that the statements repeated false financial metrics.  Sequential Brands respectfully refers to the referenced documents for a complete and accurate statement of their contents.

93.     Paragraph 93 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

94.     Sequential Brands admits that the 2016 Form 10-K contained the quoted language in Paragraph 94, and respectfully refers to the 2016 Form 10-K for a complete and accurate statement of its contents.

95.     Paragraph 95 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

96.     Paragraph 96 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

97.     Paragraph 97 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"Material Misstatements and Omissions in Sequential's First and Second Quarter 2017 Financial Statements and SEC Filings"**

98.     Paragraph 98 and its subparts contain conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

99.     Paragraph 99 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

100.    Paragraph 100 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

101.    Paragraph 101 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

102.    Sequential Brands admits the allegations in Paragraph 102, and respectfully refers to the referenced document for a complete and accurate statement of its contents.

103.    Paragraph 103 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

104.     Sequential Brands admits the allegations in Paragraph 104, except denies that the statements repeated false financial metrics.  Sequential Brands respectfully refers to the referenced document for a complete and accurate statement of its contents.

105.     Paragraph 105 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

106.     Sequential Brands admits that the 2017 Form 10-Q contained the quoted language in Paragraph 106, and respectfully refers to the referenced document for a complete and accurate statement of its contents.

107.     Paragraph 107 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

108.     Sequential Brands admits the allegations contained in Paragraph 108, and respectfully refers to the referenced document for a complete and accurate statement of its contents.

109.     Paragraph 109 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

110.     Sequential Brands admits the allegations in Paragraph 110, except denies that the statements repeated false financial metrics.  Sequential Brands respectfully refers to the referenced document for a complete and accurate statement of its contents.

111.     Paragraph 111 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

112.     Sequential Brands admits that the 2017 Form 10-Q contained the quoted language in Paragraph 112, and respectfully refers to the referenced document for a complete and accurate statement of its contents.

113.    Paragraph 113 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"Material Misstatements and Omissions in Sequential's Third Quarter 2017 Financial Statements and SEC Filings"**

114.    Paragraph 114 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

115.    Sequential Brands denies the allegations in Paragraph 115.

116.    Sequential Brands admits the allegations in Paragraph 116.

117.    Sequential Brands denies the allegations in Paragraph 117.

118.    Sequential Brands admits the allegations in Paragraph 118.

119.    Sequential Brands admits the allegations in Paragraph 119, and respectfully refers to the referenced document for a complete and accurate statement of its contents.

120.    Paragraph 120 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

121.    Sequential Brands admits the allegations in Paragraph 121, except denies that the statements repeated false financial metrics.  Sequential Brands respectfully refers to the referenced document for a complete and accurate statement of its contents.

122.    Paragraph 122 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

123.    Sequential Brands admits that the Form 10-Q for the third quarter of 2017 contains the quoted language in Paragraph 123, and respectfully refers to the referenced document for a complete and accurate statement of its contents.

124.    Paragraph 124 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"Sequential Belatedly Impairs $304.1 Million of Goodwill in the Fourth Quarter of 2017**"

125.    Sequential Brands admits the allegations in Paragraph 125, and respectfully refers to the referenced document for a complete and accurate statement of its contents.

126.    Paragraph 126 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

127.    Paragraph 127 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"IV.  SEQUENTIAL'S DEFICIENT INTERNAL ACCOUNTING CONTROLS"**

128.    Sequential Brands admits the allegations in Paragraph 128.

129.    Paragraph 129 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

130.    Paragraph 130 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

131.    Paragraph 131 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

132.    Paragraph 132 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

133.    Sequential Brands denies the allegations in Paragraph 133.

134.    Sequential Brands denies the allegations in Paragraph 134 to the extent they imply that internal controls "providing for a process to identify potential triggers" and "a requirement to document such assessments when no triggers were identified" were required.

135.    Paragraph 135 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

136.    Sequential Brands denies the allegations in Paragraph 136.

137.    Paragraph 137 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"VII.   THIS ACTION IS TIMELY FILED"**

138.    Paragraph 138 contains conclusions of law to which no response is required.

**"COUNT I: VIOLATION OF SECTION 17(A)(3) OF THE SECURITIES ACT"**

139.    Paragraph 139 contains conclusions of law to which no response is required.

140.    Paragraph 140 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

141.    Paragraph 141 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

142.    Paragraph 142 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

143.    Sequential Brands denies the allegations in Paragraph 143.

144.    Paragraph 144 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

145.    Sequential Brands denies the allegations in Paragraph 145.

146.    Paragraph 146 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

147.    Paragraph 147 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"COUNT II: VIOLATIONS OF EXCHANGE ACT SECTION 13(A) AND RULES 12(B)-20, 13(A)-1, 13(A)-11, AND 13(A)-13"**

148.    Paragraph 148 contains conclusions of law to which no response is required.

149.     Sequential Brands admits the allegations in Paragraph 149, and respectfully refers to the referenced laws for a complete and accurate statement of their contents.

150.     Paragraph 150 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

151.     Paragraph 151 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

152.     Sequential Brands denies the allegations in Paragraph 152 on the basis that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and states that the allegations contain conclusions of law to which no response is required.

153.     Sequential Brands denies the allegations in Paragraph 153.

154.     Paragraph 154 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

155.     Paragraph 155 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"COUNT III: VIOLATION OF SECTION 13(B)(2)(A) OF THE EXCHANGE ACT"**

156.     Paragraph 156 contains conclusions of law to which no response is required.

157.     Sequential Brands admits the allegations in Paragraph 157, and respectfully refers to the referenced law for a complete and accurate statement of its contents.

158.     Paragraph 158 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

159.     Paragraph 159 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"COUNT IV: VIOLATION OF EXCHANGE ACT SECTION 13(B)(2)(B)"**

160.    Paragraph 160 contains conclusions of law to which no response is required.

161.    Sequential Brands admits the allegations in Paragraph 161, and respectfully refers to the referenced law for a complete and accurate statement of its contents.

162.    Paragraph 162 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

163.    Paragraph 163 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

164.    Paragraph 164 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

165.    Paragraph 165 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

166.    Paragraph 166 contains conclusions of law to which no response is required.  To the extent a response is required, Sequential Brands denies the allegations.

**"PRAYER FOR RELIEF"**

Defendant denies that Plaintiff is entitled to relief against Defendant, and Defendant requests that the Court dismiss all claims against Defendant with prejudice and grant other such further relief as the Court deems just and proper.

**"JURY DEMAND"**

Sequential Brands denies that any of the claims asserted against it in the Complaint are valid, but demands a trial by jury for all claims so triable.

## RESERVATION OF RIGHTS AND GENERAL DENIAL

Sequential Brands denies each and every allegation in the Complaint not expressly and specifically admitted herein.  Sequential Brands further reserves all rights to amend and supplement its Answer as information becomes available and as may be necessary.

## DEFENSES

The following statement of defenses does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## FIRST DEFENSE

The claims asserted in the Complaint against Sequential Brands fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Sequential Brands did not engage in the offer or sale of any securities necessary to establish violations of the securities laws.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Sequential Brands did not engage in inherently deceptive acts necessary to establish violations of the securities laws.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Sequential Brands acted in good faith at all times, and any alleged misrepresentation or omission by Sequential Brands was based on good faith and in reasonable reliance upon information provided by others upon whom Sequential Brands was entitled to rely.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Sequential Brands was entitled to, and did, rely on the advice of professionals, including accountants, in making the decisions, statements, and omissions alleged in the Complaint.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decision of a reasonable investor and were not material to Sequential Brands' debt offerings or holders of Sequential Brands' debt.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Sequential Brands acted in good faith and reasonably at all times in maintaining its books, records, and accounts.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions were non-actionable expressions of opinion.

## NINTH DEFENSE

Plaintiff's claims fail to the extent they seek injunctive relief against Sequential Brands because there is no reasonable likelihood that Sequential Brands will repeat any alleged violation.

## TENTH DEFENSE

Without conceding liability, Plaintiff's request for civil penalties should be denied because any such award would be unjust, arbitrary and oppressive, or confiscatory.

## ELEVENTH DEFENSE

Plaintiff fails to allege facts and lacks evidence sufficient to support any granting of injunctive relief.

## TWELFTH DEFENSE

Plaintiff fails to allege facts and lacks evidence sufficient to support the imposition of any civil penalties.

## THIRTEENTH DEFENSE

Plaintiff's request for injunctive relief lacks the specificity required by Federal Rule of Civil Procedure 65.

## FOURTEENTH DEFENSE

Sequential Brands reserves the right to raise any additional defenses, cross-claims, counter-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation and may be appropriate at a later time.

WHEREFORE, Sequential Brands denies any and all liability and demand judgment in their favor and dismissal of the Complaint with prejudice, together with such other relief as the Court deems just and proper.

Dated: New York, New York
      October 14, 2021

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By:    /s/  Mary Beth Maloney

Mary Beth Maloney
Mark A. Kirsch
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166

Telephone: (212) 351-4000
E-mail: mmaloney@gibsondunn.com
E-mail: mkirsch@gibsondunn.com

Monica K. Loseman
GIBSON, DUNN & CRUTCHER LLP
1801 California St.
Denver, Colorado 80202
Telephone: (303) 298-5700
E-mail: mloseman@gibsondunn.com

*Counsel for Defendant Sequential Brands Group, Inc*