UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SEQUENTIAL BRANDS GROUP, INC.,

Defendant.

C.A. No. 20-CV-10471 (JPO)

## CONSENT OF DEFENDANT SEQUENTIAL BRANDS GROUP, INC.

1.    Defendant Sequential Brands Group, Inc. ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from violation of Section 17(a)(3) of the Securities Act of 1933, Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Securities Exchange Act of 1934, and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder. [15 U.S.C. §§ 77q(a)(3); 78m(a); 78m(b)(2)(A);  78m(b)(2)(B), and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 13a-13].

1

3.      Defendant acknowledges that the Court is not imposing a civil penalty based on the Defendant's financial condition, as reflected by the Defendant in its Schedules of Assets and Liabilities filed under oath on October 18, 2021 in its bankruptcy proceeding, *Sequential Brands Group, Inc., et al.*,  Chapter 11, Case No. 21-11194  (JTD) pending in the U.S. Bankruptcy Court District of Delaware (the "Bankruptcy Case").  Defendant further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant's representations in the Bankruptcy Case concerning Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant in the Bankruptcy Case was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

3

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers

filed in this action to the extent that they deny any allegation in the complaint.  If Defendant

breaches this agreement, the Commission may petition the Court to vacate the Final Judgment

and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i)

testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: 11/23/21

Sequential Brands Group, Inc.

By: _____

Lorraine DiSanto
Chief Financial Officer
Sequential Brands Group, Inc.
1407 Broadway
38th Floor
New York, NY 10018

On November 23 2021, Lorraine DiSanto, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Sequential Brands Group, Inc. as its Chief Financial Officer.

_____
Notary Public
Commission expires: 12/31/26

CHIP KEATING
NOTARY PUBLIC - CONNECTICUT
MY COMM. EXPIRES 12/31/2026

Approved as to form:

*Mary Beth Maloney*
Mary Beth Maloney
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
212-351-2315
MMaloney@gibsondunn.com
Attorney for Defendant Sequential Brands Group, Inc.