UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SEQUENTIAL BRANDS GROUP, INC.,<br><br>Defendant. | C.A. No. 20-CV-10471 (JPO) |

**FINAL JUDGMENT AS TO DEFENDANT**
**SEQUENTIAL BRANDS GROUP, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Sequential Brands Group, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing:

(A) to make and keep books, records, and accounts, which, in reasonable detail, accurately reflect the transactions and dispositions of the assets of the issuer, and

(B) to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(i) transactions are executed in accordance with management's general or specific authorization;

(ii) transactions are recorded as necessary:

(I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and

(II) to maintain accountability for assets;

(iii) access to assets is permitted only in accordance with management's general or specific authorization; and

(iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendant is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by filing or causing to be filed with the Commission annual, current or other periodic reports with respect to Defendant, its subsidiaries and affiliates, or any other issuer, which contain any untrue statement of material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading or which omit any material fact required to be contained therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's financial condition, as reflected by the Defendant in its Schedules of Assets and Liabilities filed under oath on October 18, 2021 in its bankruptcy proceeding, *Sequential Brands Group, Inc., et al.*, Chapter 11, Case No. 21-11194 (JTD) pending in the U.S. Bankruptcy Court District of Delaware (the "Bankruptcy Case") the Court is not ordering Defendant to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendant's Schedules of Assets and Liabilities filed in the Bankruptcy Case.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations in the Bankruptcy Case concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant in the Bankruptcy Case fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under

the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  December 1, 2021

_____
J. PAUL OETKEN
United States District Judge